[No. 24233. Department One. December 22, 1932.]

RICHARD C. JOHNSON *et al., Appellant,* v. ASSOCIATED OIL COMPANY OF CALIFORNIA, *Respondent.*[1]

[1]Reported in 17 P. (2d) 44.

*John E. Belcher,* for appellants.
*Eggerman & Rosling,* for respondent.

MILLARD, J.—In July, 1931, plaintiffs leased to the Associated Oil Company of California a gasoline service station in the city of Tacoma, and entered into an agency agreement with the latter to vend only the products of the oil company. This action was brought by the plaintiffs to rescind the lease and agency agreement, on the ground that their execution was induced by the defendant's fraudulent representations. Plaintiffs also prayed for recovery of rental and commissions claimed to be due under the contracts. Issue was joined by answer, and defendant cross-complained, praying for an order restraining plaintiffs from using the leased premises for the vending of gasoline of other companies. The cause was tried to the court. Defendant's motion for nonsuit upon the conclusion of plaintiffs' case was granted, and the restraining order for which defendant prayed was entered. Plaintiffs have appealed.

The trial court did not err, as appellants first contend, in granting respondent's motion for a nonsuit. There does not appear in the record before us any evidence of false representations by the respondent inducing the appellants to execute the two contracts. In fact, one of the appellants testified that not only were the appellants granted an opportunity to read the two instruments, but they did read them, and

an explanation was made to the appellants "at that time as to what they contained."

Abandoning the position that the agency contract was void because its execution was procured through the fraudulent representations of the respondent, the appellants now insist that the contract is valid and enforcible, and that, under the provisions of the two contracts, the appellants are entitled to recover unpaid rental and commissions.

The position that the contracts are void because of respondent's fraudulent representations is inconsistent with the position that the contracts are valid for the purpose of recovering under their terms. However, we will treat the cause as one to recover, under the contracts, unpaid rental and commissions.

■ Our examination of the record does not elicit any evidence to support appellants' claim. The contract provides:

"(10) Agent waives any claim against company as to quantity, quality, price, commissions, credit, or other payments or settlements concerning any delivery of products hereunder unless such claim is made by agent to company in writing within 48 hours after such delivery."

A delivery ticket, bearing the following indorsement, was signed by one of the appellants and a carbon copy of the ticket retained by appellants for each delivery of gasoline to the appellants:

"This ticket covers gasoline Consigned (not sold) under contract between the parties. Dealer is responsible to Associated Oil Company for quantity shown hereon. Amount shown hereon represents the sum for which the dealer is obliged to account to Associated Oil Company for gasoline heretofore consigned."

A provision (like that of paragraph 10 of the agency agreement above quoted) as follows was printed in large letters on each delivery ticket:

"The undersigned hereby acknowledges receipt of gasoline shown above as replenishment and further acknowledges that the amounts in dollars and cents and quantities in gallons above shown constitute a correct accounting for gasoline consigned by the Associated Oil Company to the undersigned; and includes full allowance to the undersigned for all credits and rentals. The undersigned waives any claims on account of the above unless made in writing within 48 hours from date."

Appellants did not at any time complain of the quantity or price of the gasoline, nor did they ever make any complaint as to the payment of rental or commissions. Under the above-quoted provision of the contract and the provisions of the delivery tickets (which appellants signed when each delivery was made), there was a complete accounting and settlement between the parties each time the respondent made a replenishment of consigned gasoline.

■ The assignment that the court erred in refusing offers of proof is without substantial merit. It is clear from what we have already said that the court correctly refused the first offer to prove through appellant Singer that appellants were induced by respondent's misrepresentations to sign the agency agreement and lease. Appellants cannot successfully urge rescission of the contracts on the ground of fraud and, at the same time, insist that the contracts are valid and sue for breach thereof. As the trial court aptly said:

"You cannot ask for performance of the contract and at the same time ask for its cancellation. You can ask for cancellation because of the breach, but you cannot ask for enforcement of the contract and at the same time ask for its cancellation."

■ The offer to prove that respondent breached a like contract with some one other than appellants and later adjusted its differences with that agent in a cer-

tain manner, should likewise have been rejected. Such breaches and adjustments would not conclude either the appellants or the respondent as to the terms of the contracts in the case at bar.

"Appellants offered some evidence to the effect that respondent made the same deduction to some other dealers in Tacoma who dealt in respondent's products.

"As the trial court aptly observed, in effect, these parties knowingly entered into these contracts, and, although they may be more favorable to respondent than to appellants, the mere fact that respondent saw fit to give the same deductions to those who did not have contracts as they did to those who did have contracts, is not at all conclusive that these deductions were allowed as rental in one case and not in the other." *Shell Oil Co. v. Wright,* 167 Wash. 197, 9 P. (2d) 106.

The third offer of proof was also correctly refused for the same reason that the court rejected the first offer of proof.

Affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.